UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TERRY BOLLEA a/k/a,
HULK HOGAN,

    Plaintiff,

v.                        CASE NO: 8:10-cv-1085-T-33EAJ

WELLS FARGO INSURANCE
SERVICES SOUTHEAST, INC., and
WELLS FARGO INSURANCE
SERVICES USA, INC.,

    Defendants.
_____/

**ORDER**

This cause comes before the Court pursuant to Bollea's Motion for Remand (Doc. # 10). Defendants filed a Response and Memorandum of Law in Opposition (Doc. # 13). For the reasons that follow, Bollea's Motion to Remand is GRANTED. Bollea's motion for attorneys' fees and costs is DENIED.

**I. Background and Procedural History**

This lawsuit involves Defendants' alleged negligent failure: (1) to advise Bollea regarding Bollea's need for excess/umbrella insurance; (2) to obtain an excess/umbrella insurance quote and coverage for Bollea after Bollea's children reached legal driving age; and (3) to convey to Bollea the availability and desirability of such excess/umbrella insurance coverage. (Doc. # 2). In his

complaint, Bollea seeks damages against Defendants for alleged negligent breaches of fiduciary duty arising out of these insurance coverage issues. Id.

Bollea originally brought this lawsuit in state court on April 21, 2010, and Defendants removed the case to this Court based on diversity jurisdiction on May 7, 2010. (Doc. # 1). On June 3, 2010, Bollea moved to remand the lawsuit alleging that Defendants failed to establish complete diversity of citizenship between Bollea and the Defendants. (Doc. # 10). Defendants contend that diversity jurisdiction exists because Defendant Wells Fargo Insurance Services USA, Inc. ("Wells Fargo USA") is a citizen of North Carolina (the state of incorporation) and Illinois (the principal place of business), and Bollea is a citizen of Florida. (Docs. ## 1, 13). Importantly, Defendants contend that the other Defendant, Wells Fargo Insurance Services Southeast, Inc. ("Wells Fargo Southeast"), should not be considered in the diversity jurisdiction analysis. Id.

Defendants state that Wells Fargo Southeast, originally deemed a citizen of Florida both due to its state of incorporation and its principal place of business, merged with Wells Fargo USA on January 1, 2010. Id. Defendants allege that a merged corporation, like Wells Fargo Southeast, loses

its citizenship for diversity jurisdiction purposes when it completely merges into another company. Id. Conversely, Bollea contends that Wells Fargo Southeast should be considered in the diversity jurisdiction analysis because Wells Fargo Southeast is merely an inactive corporation which remains a citizen of its state of incorporation, namely, Florida. (Doc. # 10).

**II. Standard of Review**

A federal court is a court of limited jurisdiction. Diebel v. S.B. Trucking Co., 262 F. Supp. 2d 1319, 1326 (M.D. Fla. 2003)(citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994); Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994)). As such, statutes which authorize removal to federal courts must be strictly construed against removal. Id. Particularly, "[f]ederal courts are directed to construe removal statutes strictly, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts." Total Fleet Solutions, Inc. v. Nat'l Ins. Crime Bureau, Inc., 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009)(citing Univ. of S. Ala. v. Am. Tobacco Co., 168 F. 3d 405, 411 (11th Cir. 1999)); see Diebel v. S.B. Trucking Co., 262 F. Supp. 2d 1319, 1326 (M.D. Fla. 2003).

It is well established that a removing party must present facts establishing its right to remove. <u>Diebel</u>, 262 F. Supp. 2d at 1326 (citing <u>Perez v. AT & T Co.</u>, 139 F.3d 1368, 1373 (11th Cir. 1998); <u>Tapscott v. MS Dealer Serv. Corp.</u>, 77 F.3d 1353, 1356 (11th Cir. 1996)). When the defendant fails to do so, remand is favored. <u>Diebel</u>, 262 F. Supp. 2d at 1326. Nevertheless, a federal court should "be cautious about remand, lest it erroneously deprive [a] defendant of the right to a federal forum." <u>Id.</u> (citing 14A Charles Wright, Arthur Miller & Edward H. Cooper, Federal Practice & Procedure, § 3721 at 218-19 (2d ed. 1985)).

Federal jurisdiction pursuant to 28 U.S.C. § 1332 exists only when there is complete diversity between the plaintiff and the defendants. <u>Owen Equip. & Erection Co. v. Kroger</u>, 437 U.S. 365, 373 (1978). For diversity purposes, a corporation is deemed a citizen of (1) its state of incorporation; and (2) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1).

**III. Analysis**

Defendants concede that Wells Fargo Southeast was a Florida corporation by way of (1) its state of incorporation; and (2) its principal place of business until it merged with

4

Wells Fargo USA on January 1, 2010, approximately three months before Bollea brought this action in state court. (Docs. ## 1, 13). Defendants contend that the merger of Wells Fargo Southeast into Wells Fargo USA extinguished Wells Fargo Southeast's legal existence, and thus totally extinguished its citizenship in Florida. <u>Id.</u> To support this contention, Defendants cite <u>Ambrosia Coal & Constr. Co. v. Pages Morales</u>, 482 F.3d 1309, 1311 (11th Cir. 2007). In <u>Ambrosia</u>, the court addressed whether the plaintiff acquired diversity jurisdiction in violation of 28 U.S.C. § 1359 when the plaintiff's non-diverse subsidiaries assigned their claims to the plaintiff, their diverse parent corporation. <u>Id.</u> at 1312. The plaintiff brought the action as the sole plaintiff. <u>Id.</u> at 1313.

The instant case is clearly distinguishable from <u>Ambrosia</u>. At a fundamental factual level, the instant case involves two Defendants, both of whom have been sued, while <u>Ambrosia</u> involved a single plaintiff who had gathered available claims from its subsidiaries before filing its lawsuit. <u>Id.</u> Further, the <u>Ambrosia</u> court's focus was on whether the assignment of claims from multiple non-diverse claim-holders to the sole diverse party before that party brought the lawsuit was improper or collusive. <u>Id.</u> at 1312.

5

In contrast, the instant issue is whether for diversity purposes, the citizenship of a corporation is totally extinguished by its merger into another corporation. Ambrosia simply does not speak to this issue. See id. at 1311-17.

Next, Defendants cite MacGinnite v. Hobbs Grp., LLC, 420 F.3d 1234, 1237 (11th Cir. 2005). The MacGinnite court addressed the location of an inactive corporation's principal place of business in the context of a dispute over restrictive covenants in an employment contract. Id. at 1239-40.

The plaintiff in MacGinnite, a citizen of Georgia, sued two defendants who had merged two years before the plaintiff filed the lawsuit. Id. at 1238. The first defendant ("HRH") was incorporated and had its principal place of business in Virginia. Id. at 1237. The second defendant ("Hobbs") was incorporated in Delaware and before it was purchased by HRH, had its principal place of business in Georgia, where the plaintiff resided. Id. The plaintiff asserted that diversity was destroyed because Hobbs's principal place of business was still in Georgia. Id. at 1239.

The MacGinnite court discussed the "total activities test" to determine a corporation's principal place of business. Id. In applying this test, the MacGinnite court

6

avoided the plaintiff's proposal that a merged or inactive corporation's principal place of business remained the same as its last place of business when it was still active. Id. Instead, the court held that the total activities test was sufficient to identify the location of an inactive corporation's principal place of business and noted that post-merger, Hobbs functioned solely through HRH in Virginia. Id. at 1240. As such, the court held that Hobbs's principal place of business was in Virginia at the time the plaintiff filed his lawsuit and that therefore, there was complete diversity. Id.

In short, MacGinnite only provides guidance as to one of the two places where a corporation is a citizen: its principal place of business. Id. at 1239-40. It simply does not speak to the other place where a corporation is a citizen: its state of incorporation. See id. at 1237.

Complete diversity requires that no defendant in a diversity action be a citizen of the same state as any plaintiff. 28 U.S.C. § 1332. Further, it provides that a corporation is deemed to be citizen of both (1) its state of incorporation; and (2) the state where it has its principal place of business. Id. Like our sister court in the Northern District, this Court finds that a corporation does not lose

7

its citizenship in its state of incorporation when it is dissolved or becomes inactive. See <u>Dunkle v. Denko</u>, 1997 U.S. Dist. Lexis 16412 at *5-6 (N.D. Fla. Aug. 12, 1997)(concluding that a corporation retains its citizenship in any state where it "has been incorporated" for diversity purposes); <u>see also</u> <u>Diebel v. S.B. Trucking Co.</u>, 262 F. Supp. 2d 1319, 1333 n.54 (M.D. Fla. 2003)(same). This Court finds the <u>Dunkle</u> and <u>Diebel</u> reasoning persuasive and applicable despite the differing paths by which the corporations at hand attained inactive status.

After due consideration, and in light of the authority directing federal courts to strictly construe removal statutes, resolve all doubts about jurisdiction in favor of remand, and employ a presumption in favor of remand to state courts, the Court holds that Defendants have failed to present sufficient facts or legal authority to establish total diversity and thus their right to remove. <u>Total Fleet Solutions, Inc. v. Nat'l Ins. Crime Bureau, Inc.</u>, 612 F. Supp. 2d 1232, 1234 (M.D. Fla. 2009); <u>see</u> <u>Diebel</u>, 262 F. Supp. 2d at 1326. Therefore, the Court grants the Bollea's Motion for Remand and orders that the case be remanded to state court due to the parties' lack of complete diversity.

**IV. Costs and Attorneys' Fees**

Bollea requests an award of his costs and attorneys' fees, pursuant to 28 U.S.C. § 1447(c), which provides that when a court remands a case, the court may award costs and attorneys' fees incurred as a result of the removal. 28 U.S.C. § 1447(c). However, the award of costs and attorneys' fees is completely discretionary. See <u>Publix Supermarkets, Inc. v. United Food & Commercial Workers Int'l Union, AFL-CIO & CLC</u>, 900 F. Supp. 419, 421 (M.D. Fla. 1995)(citation omitted). The Court finds that Defendants had an arguably reasonable, although ultimately unsuccessful, basis for removal. As such, Bollea's request for costs and attorneys' fees is denied.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Bollea's Motion for Remand (Doc. #10) is granted in part and denied in part. It is **GRANTED** to the extent that Bollea requests that the case be remanded to state court; however, it is **DENIED** to the extent that Bollea requests an award of costs and attorneys' fees.

(2) The Clerk is directed to **REMAND** this case to the Circuit Court for Pinellas County, Florida, Circuit Civil.

9

(3) After remand has been effected, the Clerk is directed to **CLOSE THIS CASE**.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>22th</u> day of July, 2010.

Copies to:

All Counsel of Record

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE